**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

LISA ANDERSON, on behalf of
herself and all others similarly situated

Plaintiffs,

v.

Grow Hoss, Inc.,

Defendant

Case No.: 1:26-cv-4803

Hon. Joan H. Lefkow

---

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Grow Hoss, Inc., by and through its attorneys, Revision Legal, PLLC, moves this Court pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss Plaintiff's Complaint in whole and relies on the accompanying Brief in Support. In support of this Motion, Defendant states as follows:

1. Plaintiff Lisa Anderson ("Plaintiff") is a visually impaired individual who alleges that she uses screen reader software to access websites on the Internet. Complaint at ¶ 2.

2. In 2026 alone, Plaintiff has filed at least twenty-two different lawsuits in this District alleging that various websites have violated the Americans with Disabilities Act ("ADA"). Each of these complaints is nearly identical to all of the others.

3. Defendant respectfully requests that this Court take judicial notice of the collection of complaints filed in this District. *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022) (citations omitted) ("It's well established that judges may take judicial notice of matters of public record when ruling on a motion to dismiss….And [t]aking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment.") (citations omitted).

4. Defendant Grow Hoss, Inc. is registered to do business in the State of Georgia and sells garden seeds and supplies exclusively through its website, https://growhoss.com (the "Website").

5. Plaintiff alleges that she visited Defendant's Website on one occasion on November 3, 2025, with the intent to purchase an unidentified product. Complaint ¶ 40. Plaintiff alleges that, while browsing the Website using screen-reader software, she encountered certain features she contends were not fully compatible with her assistive technology and that these "access barriers render[ed] the Website inaccessible to, and not independently usable by, blind and visually impaired individuals." *Id.*

6. Plaintiff asserts claims under Title III of the Americans with Disabilities Act ("ADA"), alleging that Defendant's website is not fully accessible to visually impaired users.

7. Plaintiff's claims are premised on the legal theory that the Website constitutes a place of public accommodation. Complaint ¶ 21. However, courts in this district have recognized ADA claims only in the context of hotel reservation websites in which the website served as a reservation mechanism for an actual place of lodging—a statutory public accommodation. Those cases do not address, much less adopt, the proposition that a website standing alone is a "place of public accommodation" when the defendant operates no physical place open to the public.

8. The most recent authority on point from this District holds that "A website does not appear to fall within the statutory definition of a 'public accommodation.'" *Henry v. Omoi*, Inc., No. 25-CV-3151, 2026 WL 636799, at *3 (N.D. Ill. Mar. 6, 2026).

9. Further, Plaintiff's Complaint should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because Plaintiff did not plead sufficient facts to plausibly allege standing. As set forth in Defendant's accompanying Brief, Plaintiff lacks Article III standing

because she has not alleged a concrete and particularized injury-in-fact or a plausible likelihood of future harm.

10. Plaintiff alleges that she intends to return only after Defendant corrects the alleged barriers, but does not plead concrete facts establishing a real and immediate threat of future injury.

11. Accordingly, dismissal is warranted pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety and grant any additional relief the Court deems just and proper.

Respectfully submitted,

Date: August 31, 2026

REVISION LEGAL, PLLC

/s/John Di Giacomo
John Di Giacomo
Amanda Igra
*Attorneys for Defendant*
Revision Legal, PLLC
444 Cass Street, Suite D
Traverse City, MI 49684
john@revisionlegal.com
Amanda.igra@revisionlegal.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date below, the foregoing Motion to Dismiss was filed with the Court via the Court's ECF system.

Dated: August 31, 2026

/s/John Di Giacomo
John Di Giacomo
Amanda Igra
Revision Legal, PLLC
444 Cass Street, Suite D
Traverse City, MI 49684
john@revisionlegal.com
Amanda.igra@revisionlegal.com